FILED

2006 Oct-30  PM 01:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLIE MOWREY, et al., | } | |
| | } | |
| Plaintiffs, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 05-AR-0191-S |
| | } | |
| CRACKER BARREL OLD COUNTRY | } | |
| STORE, INC., | } | |
| | } | |
| Defendant. | } | |

## **MEMORANDUM OPINION**

Before the court is a motion by defendant, Cracker Barrel
Old Country Store, Inc. ("Cracker Barrel"), for summary judgment
against plaintiffs, Billie Mowrey and her husband, James Mowrey
(collectively, "the Mowreys").  The Mowreys filed suit in state
court after Mrs. Mowrey allegedly sustained injuries when her
chair collapsed while dining at a Cracker Barrel restaurant.  She
alleges negligence by Cracker Barrel.  Her husband claims loss of
consortium.  The Mowreys also claim that Cracker Barrel's conduct
was wanton, but there is not the slightest evidence to suggest
wanton misconduct.  The case was removed to this court on the
basis of diversity of citizenship.

After attempts to mediate the dispute failed, Cracker Barrel
moved for summary judgment.  For the reasons that follow, summary
judgment will be granted in favor of Cracker Barrel.

## I. Facts[1]

Mrs. Mowrey is a 69 year-old truck driver, who, while having breakfast with her husband at a Cracker Barrel restaurant, fell to the floor when the chair in which she was sitting cracked asunder beneath her.  Mrs. Mowrey claims to have incurred medical expenses and to have suffered bruises, lumbar epidural blocks, and mental anguish, which, in combination, made her unable to work.  Her husband says that his wife's injuries have interfered with his sleep and with the couple's sexual relations.

Mrs. Mowrey suffers from a number of ailments in addition to the injuries which she claims resulted from the Cracker Barrel incident.  In addition to morbid obesity, she suffers from gout, high blood pressure, and hypertension.  She weighed approximately 270 pounds shortly after the accident.  She has a history of back, hip, and shoulder pain.  Her medical history indicates that she has been involved in a number of accidents and falls in the past, and has often suffered various types of pain.  After one

---

[1] Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In assessing whether the movant has met its burden, the court must view the evidence, and all inferences drawn therefrom, in the light most favorable to the non-movant. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).  In accordance with this standard, this statement of facts includes both undisputed facts and, where there is a dispute, the facts according to the non-movant's evidence, and the legitimate inferences therefrom.

such fall, at another restaurant, she was diagnosed with degenerative disc disease and arthritis.

On the morning of July 15, 2004, the Mowreys dined at the Cracker Barrel restaurant in Bessemer, Alabama.  At the end of their meal, Mrs. Mowrey leaned forward to reach for the check. She heard a cracking sound and fell abruptly to the floor. Despite what she characterizes as the "grave consequences" of the fall, she was able to get up and exit the restaurant under her own power.  She says she "had a bad headache" when she left because "her head had hit so hard."  What, precisely, her head hit remains unclear.  There is nothing to suggest that the Mowreys filed a complaint with anyone at the restaurant about the chair when she left the restaurant.  The offending chair has not been located.  She and her husband continued driving their truck for the rest of the week.

A week after the incident, Mrs. Mowrey visited Dr. Andrea Shirey, her regular physician, complaining of pain in her right hip and the right side of her neck.  Over a month later, Mrs. Mowrey visited Dr. Kelly Snow, an orthopedic surgeon, complaining of pain on the left side of her body, in her hip, back, and leg. In September, Mrs. Mowrey told another doctor, Dr. David Kraftsow, that the pain was in both sides of her body and had been steadily increasing in intensity since her fall.

Mrs. Mowrey claims that, despite her desire to do so, she is

unable to work.  According to her deposition testimony, she
cannot drive a truck because the jostling aggravates her back.
She has not tried to find a job that might be more conducive to
her claimed condition.  It is the opinion of Dr. Bruce Romero, an
occupational physician, that she is capable of "light work."
However, she claims that she is unable to perform any work during
which she must be seated, because her feet might swell.  After
the fall at Cracker Barrel, she has spent most of her time
sitting at home, watching television.  As a result of her
inability to work, she is claiming some $240,000 in lost wages.
This is based on a claimed annual wage of $63,000.  Because her
tax records do not indicate she earned anywhere near this amount,
the factual basis for her wage claims is unclear.

There is no evidence that Cracker Barrel itself manufactured
or designed the chair or provided deficient specifications to the
vendor or to the manufacturer.

## II. Analysis

Cracker Barrel offers three separate bases for summary
judgment: (1) there is no evidence that Cracker Barrel acted
negligently; (2) the doctrine of *res ipsa loquitur*, which is
alternatively relied upon by the Mowreys to establish Cracker
Barrel's liability, is inapplicable; and (3) there is no evidence
that the Mowreys suffered compensable injuries.  Cracker Barrel
is correct that the Mowreys make no showing of negligence and

4

that *res ipsa loquitur* is inapplicable.  Therefore, this court will not address whether there are compensable injuries.

**a) Negligence**

The Mowreys's claims of negligence fail as a matter of law. First, they cannot establish, and point to no evidence of, an anticipatably unsafe condition.  Second, the uncontested evidence establishes that Cracker Barrel took reasonable steps to maintain its premises in a reasonably safe condition.  Finally, there is no evidence that Cracker Barrel had notice of any unsafe condition with respect to the chair occupied by Mrs. Mowrey. This is, then, not a case in which an owner of premises open to the public had notice of potential injury to its invitees.

In a claim for negligence, the plaintiff must establish "the existence of a duty owed by the defendant, a breach of that duty, causation, and damage."  *Glass v. Birmingham Souther R. Co.*, 905 So. 2d 789 (Ala. 2004) (citing *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 540 114 S. Ct. 2396, 2403 (1994)).  In a negligence claim arising from specific allegations of "premises liability," a business owes its customers a duty to "exercise ordinary and reasonable care in providing and maintaining a safe premises. . . ."  *Cox v Western Supermarkets, Inc.*, 557 So. 2d 831 (Ala. 1989).  The question in the instant case is whether Cracker Barrel violated this duty to Mrs. Mowrey.

In an attempt to establish a breach of the duty, the Mowreys

allege that the chair in which she sat was unsafe.  Her sole
basis for making this allegation is that the chair collapsed.[2]
While this is true, it is also true that Mrs. Mowrey sat in the
chair for at least 45 minutes without any problem.  Only when,
according to her own testimony, she leaned forward at the end of
the meal, did the chair give way.  The only inference that can be
drawn from this course of events is that the chair, even if
flawed or defective, was not an inherently or obviously dangerous
instrumentality.

The Mowreys make much of the fact that Cracker Barrel did
not have an established procedure for checking what plaintiffs
call "chair safety."  Certainly, as the proprietor, Cracker
Barrel had a duty to investigate the condition of the furniture
it furnished to its patrons.  *Maddox v. K-Mart Corp.*, 565 So. 2d
14, 16 (Ala. 1990) (noting that a proprietor is under a duty to
"exercise reasonable care to provide and maintain reasonably safe
premises for the use of [its] customers.").  The Mowreys's
repeated suggestion is that this duty was breached because
Cracker Barrel had no written manuals and/or formal policies for
"chair safety."  The court is unwilling to extend the general

---

[2] Admittedly, the Mowreys's task to establish such a
condition was made more difficult by the fact that Cracker Barrel
apparently discarded the chair.  In different circumstances, such
irresponsible conduct by a defendant could conceivably create a
genuine issue of material fact.  Luckily for Cracker Barrel, this
is not such a situation.  No viable cause of action for
spoliation of evidence is presented.

proposition so as to create a guaranty that the proprietors's practices must detect every possible defect.  The institution of a formal written policy for chair safety is not a *sine qua non* for a finding of reasonable conduct by a restaurant.  The uncontroverted facts do not suggest that Cracker Barrel failed to exercise reasonable care.  The evidence does not add up to a jury case on the central issue of reasonable care.

The Mowreys do not contest the testimony of Mark Pigg and Patrick Barrett, the store managers, that all Cracker Barrel employees were instructed to inspect the chairs periodically. Specifically, Barrett testified that the chairs are regularly inspected by staff members who are told to look for "unsafe conditions."  For his part, Pigg testified: "In our daily routine, we touch the chairs.  We pull them out.  We clean them. We make sure that all our employees are instructed to report any unusual situations to the manager."  The Mowreys argue that Pigg never testified to having specifically inspected the chairs for their "safety."  What were they being inspected for?  In the opinion of this court, such hair-splitting is without legal significance.  Given the undisputed evidence in this case, the Mowreys must do more than simply point to a lack of a formal, chair-specific safety policy to establish that Cracker Barrel violated the duty of care it owed to its customers.   Without such evidence, this court concludes that Cracker Barrel's

undisputed efforts at safety and accident prevention were
reasonable.

There is no evidence whatsoever that Cracker Barrel had
actual knowledge of any defect in the subject chair.[3]
Furthermore, there is no evidence to support an argument that
Cracker Barrel had constructive notice of a defect.  Perhaps
recognizing this, the Mowreys argue that constructive notice is
not required.  Instead, they cite to Alabama Supreme Court cases
in which neither actual nor constructive knowledge was required
to establish liability, because the defendant affirmatively
created the hazard.  See, e.g., *Wal-Mart, Inc. v. McClinton*, 631
So. 2d 232 (Ala. 1993).  Apparently, the Mowreys are arguing that
the chair was an affirmative hazard created by Cracker Barrel
and, as such, they need not prove either actual or constructive
notice.  This court is unwilling to accept such a proposition.
Given that Mrs. Mowrey sat in the chair for at least forty five
minutes before it collapsed, it is impossible to conclude that
the chair constituted an obvious hazard.  Without establishing
some form of knowledge, either actual or constructive, the
Mowreys's claims of negligence fail as a matter of law.

_____

[3] The Mowreys have testified that they observed defects in
another chair in the restaurant.  It is difficult to see what, if
anything, this proves.  At most, this testimony might be relevant
if the other chair had subsequently collapsed.  It is not,
however, enough to create a dispute of material fact in this
case.

### b) *Res Ipsa Loquitur*

Having failed to establish that Cracker Barrel had actual or constructive knowledge of an alleged defect in the chair, the Mowreys retreat to a reliance upon *res ipsa loquitur*.  They say that *res ipsa* is appropriate simply because Cracker Barrel owned and had control over the chair in question.  This argument is based on a misunderstanding or misapplication of the *res ipsa* doctrine.  Under Alabama law, *res ipsa* does not apply to cases of premises liability.

The duty owed to a business invitee is met by exercising ordinary and reasonable care to keep the premises in a reasonably safe condition.  *Winn-Dixie v. Godwin*, 349 So. 2d 37 (Ala. 1977).  Alabama courts have long held that the owner of business premises is not an insurer of the safety of its invitees.  The principle of *res ipsa* is **not applicable** in such cases.  *Tice v. Tice*, 361 So. 2d 1051, 1052 (Ala. 1978). In other words, there is no presumption of negligence that can arise from the mere fact of an injury to an invitee.  *Ex Parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000).  The Mowreys cannot proceed under a theory of *res ipsa loquitur*.

### III. Conclusion

For the reasons stated above, this court agrees with Cracker Barrel and will grant its motion for summary judgment by a separate order.

Done this 30th day of October, 2006.


                        WILLIAM M. ACKER, JR.
                        UNITED STATES DISTRICT JUDGE